UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

<u>LETTER ORDER</u>

May 31, 2013

*All counsel of record via ECF*

Re:   **Barghout, et al. v. Bayer Healthcare Pharmaceuticals, et al.**
        <u>**Civil Action No. 11-1576 (DMC) (JAD)**</u>

Dear Counsel:

This matter comes before the Court upon Plaintiffs' motion to toll the statute of limitations on the Equal Pay Act ("EPA") claims of absent class members in light of delays in completing pre-certification fact discovery and other pretrial scheduling deadlines (the "Tolling Motion") (ECF No. 76). The Court reviewed the parties' submissions filed on April 29, 2013.

Plaintiffs argued that tolling of the statute of limitations is appropriate because delays arising out of motion practice and the discovery process "pushed back the timeframe in which absent class members might reasonably be expected to opt in and preserve their claims." (Pls' Ltr. Br. 1, ECF No. 76). Plaintiffs contended that courts routinely find that tolling is appropriate as to absent class members when procedural and discovery delays of the type that exist in this matter have occurred, particularly where there is no prejudice to defendants. (<u>Id.</u>).

Specifically, with respect to the delays, Plaintiffs originally filed their class complaint on March 21, 2011. (<u>Id.</u> at 2). Defendants filed a motion to strike the class allegations on August 1, 2011, which was denied by the Court nearly eight months later on March 30, 2012. (<u>Id.</u>). In addition, the initial conference did not occur, by joint request of the parties, until nearly fifteen

1

months after Plaintiffs' first filed the Complaint. (Id.). Thereafter, the parties engaged in hard fought, but good faith, motion practice over the scope of discovery. Finally, due to various delays in the discovery process, the Court reset the pre-certification fact discovery end date on numerous occasions from the initial date of January 7, 2013 to the current date of October 28, 2013.

Defendants, however, countered that equitable tolling is an "extraordinary remedy" that courts should apply only in compelling circumstances. (Opp. Ltr. Br. 1, ECF No. 76-1). Defendants argued that Congress, when enacting the EPA, expressly chose an "opt-in mechanism," which provides that the statute of limitations continues to run for absent class members until they sign and file a written consent to become a party plaintiff. (Id.). Defendants argued that the delays in this matter, which were due to typical motion practice and extensions of discovery, were "routine" and do not qualify as "extraordinary circumstances" that justify equitable tolling. (Id. at 2).

The starting point for this Court's analysis is Santos ex rel. Beato v. U.S., 559 F.3d 189 (3d Cir. 2009). Although not an EPA case, Santos sets forth the requisite analysis to be applied to an application for equitable tolling:

> Equitable tolling, if available, can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff "has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). "This occurs (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Hedges, 404 F.3d at 751 (internal citations omitted); School Dist. V. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981) (internal citations omitted.)

> But a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim. Irwin, 498 U.S. at 96, 111 S.Ct. at 457-58. The principles of equitable tolling thus do not extend to "garden-variety claims of excusable neglect." Id. at 96, 111 S.Ct. at 458. The remedy of equitable tolling is extraordinary, and we extend it "only sparingly." Id. at 96, 111 S.Ct. at 457; Hedges, 404 F.3d at 751.

Santos, 559 F.3d at 197.[1]

In Santos, plaintiffs, on behalf of a minor child, instituted an action against various dentists, a doctor and a health care facility, alleging a state law medical malpractice claim. Id. at 191. The action was brought two years and five months after the cause of action accrued due to plaintiffs' counsel's understanding that the otherwise applicable two-year statute of limitations on a malpractice claim would be tolled pursuant to a Pennsylvania law that tolled the statute of limitations on a civil action brought on behalf of a minor until he or she reached majority. Id. at 192. However, unbeknownst to plaintiffs, these defendants were statutorily deemed employees of the United States, and therefore needed to be sued pursuant to the Federal Tort Claims Act ("FTCA"), which had a two year statute of limitations period and no tolling period. Id. The Third Circuit held that "extraordinary circumstances" existed to justify tolling the FTCA statute of limitations, and focused on plaintiffs' "reasonable diligence" in pursuing their claims as well as the oblique nature of the federal status of the defendants, which implicated the FTCA rather than a state malpractice claim. Id. at 2004.[2]

---

[1] Although Plaintiffs did not cite or rely on Santos, they agreed that the "extraordinary circumstances" analysis is the applicable standard. (Reply Ltr. Br. 2, ECF No 76-7).

[2] In support of their argument that equitable tolling is inappropriate, Defendants relied on Woodard v. FedEx Freight E., Inc., 250 F.R.D. 178 (M.D. Pa. 2008), wherein the court held that equitable tolling did not apply on facts that were reasonably similar to those present in this matter. In Woodward, the court rejected plaintiff's argument that the pendency of defendants' motion to strike, which plaintiff contended prevented him from conducting discovery so that he could file his conditional certification motion, constituted "extraordinary circumstances" that would justify tolling the absent class members' claims. Id. at 193-194.
  The court in Woodard asserted that "Congress knew when it enacted [the FLSA] that time would lapse between the filing of the collective action by the named plaintiff and the filing of written consents by the opt-in

3

This Court, in applying Santos, must consider whether (1) Defendants actively misled Plaintiffs; (2) Plaintiffs, "in some extraordinary way," have been prevented from asserting [their] rights;" or (3) Plaintiffs asserted their rights in the wrong forum. 559 F.3d at 206.

This Court, like the Third Circuit in Santos, finds that equitable tolling is warranted due to the "extraordinary circumstances" surrounding the course of discovery, which resulted in an unforeseen delay in these proceedings. Equitable tolling is, at its core, a doctrine of fairness. While this Court agrees with Defendants that the mere passage of time associated with the taking of discovery should not give rise to the application of equitable tolling, such is not the case here. The Court acknowledges that the delay of this matter is not attributable to improper conduct on the part of Defendants to "actively mislead" or otherwise hinder Plaintiffs' ability to proceed at a quicker pace. However, under Santos, no such finding is necessary in order for a court to find that equitable tolling is appropriate. This is not a case in which routine motion practice and the ordinary course of discovery slowed the matter's progression – rather, the hotly contested discovery disputes and procedural delays prolonged discovery notwithstanding Plaintiffs' diligence in pursuing their claims and moving the matter forward.

All told, it has been two years and two months since the Complaint was filed. This Court finds that Plaintiffs exercised due diligence in prosecuting their claims. Although the Court is mindful that equitable tolling should be used sparingly, it concludes that no one involved in this

---

plaintiffs, yet it chose not to provide for tolling of the limitations period." Id. Importantly, the Woodward court observed that defendants did not "actively mislead" plaintiff – a fact the court deemed significant in denying plaintiff's request for equitable tolling. However, the Woodward court did not provide any facts regarding the status of discovery, the posture of the case, or any dispute by the parties regarding the scope of discovery that may influence whether procedural and/or discovery delays justify equitable tolling – facts which this Court finds important to the instant Tolling Motion.

Important to this Court's consideration of the Tolling Motion is the fact that the Third Circuit decided Santos after Woodard, and departed from Woodward's reasoning and result in several notable ways. First, the Third Circuit determined that the Congress, in adopting the FTCA, did not intend to preclude equitable tolling. 559 F.3d at 195-196. Moreover, the Third Circuit determined that "affirmative misconduct" on the part of a defendant is not required before a court may determine that equitable tolling applies. Id. at 203.

4

case contemplated or desired that discovery would be as protracted as it has now become. As such, the Court finds that the unanticipated and significant procedural and discovery delays that hindered the prosecution of this action constitute "extraordinary circumstances" that justify equitable tolling.

Plaintiff's motion to toll the statute of limitations on the EPA claims of absent class members (ECF No. 76) is **granted**. The tolling period shall be from the filing of the Complaint until the date of this Letter Order.[3]

SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.

---

[3] Plaintiffs requested a tolling period from the date of Defendants' motion to strike the class allegations until the opt-in period; however, this remedy would effectively eliminate any statute of limitations, which is clearly contrary to Congress' intent as exhibited its providing a statute of limitations in the first place.