Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921
Tel.  215.963.5000
Fax: 215.963.5001
www.morganlewis.com



**Sarah E. Bouchard**
Partner
215.963.5077
sbouchard@morganlewis.com

February 7, 2014

<u>**VIA ELECTRONIC CASE FILING SYSTEM**</u>

**The Honorable James B. Clark, III**
United States Magistrate Judge
United States District Court for the District of New Jersey
Martin Luther King, Jr. Federal Building, U.S. Courthouse PO 01
50 Walnut Street, Newark NJ 07101

> Re:   <u>Barghout et al v. Bayer Healthcare Pharmaceuticals Inc. et al.,
>       No. 2:11-cv-01576 DMC/JAD (D.N.J)</u>

Dear Judge Clark:

Pursuant to the Order dated January 31, 2014 (Dkt. No. 93), we write on behalf of Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare Consumer Care, and Bayer HealthCare Animal Health (collectively "Bayer" or "Defendants") to move to compel Plaintiffs to supplement their responses to Interrogatory Nos. 14 and 15 of Defendants' First Set of Interrogatories Directed to Plaintiffs ("Interrogatories").  Defendants seek the Court's intervention because Plaintiffs both: (1) refuse to supplement interrogatory responses that were served over a year ago before any substantial discovery took place; and (2) decline to confirm that their existing responses are full and complete based on discovery completed since then.

<u>**INTRODUCTION AND RELEVANT BACKGROUND**</u>

Bayer served the Interrogatories on May 3, 2012.[1]  Interrogatory No. 14 requests that Plaintiffs identify "each and every employee in a comparable or similar situation to you who you believe was treated in a different manner than you were treated during your employment."  Interrogatory No. 15 requests that Plaintiffs identify "each and every specific provision of every policy, practice, or procedure that you challenge in [the] Complaint. . . ."  Plaintiffs served their current

---

[1]   The relevant portions of Bayer's Interrogatories Directed to Plaintiff Victoria Barghout are attached hereto as Exhibit ("Ex.") A.  Interrogatories were simultaneously served on each Plaintiff with identical Nos. 14 and 15.



The Honorable James B. Clark, III
February 7, 2014
Page 2

responses to these interrogatories at the outset of discovery, before they had the benefit of any defense witness depositions or the substantial number of documents produced by Bayer.[2]

Since then, the parties have completed pre-certification fact discovery. Bayer has produced over 200,000 pages of documents, including numerous documents relating to Bayer's policies and procedures challenged in the TAC and relevant electronic documents returned from the email accounts of 82 custodians. Bayer also produced electronic personnel data for all employees (male and female) who worked at Bayer for at least one day between November 21, 2009 and December 2013. In addition, Plaintiffs have completed deposing Bayer's Rule 30(b)(6) designees regarding all of the alleged policies and procedures challenged in the TAC (a total of ten witnesses), the eleven individual defendants, and nine additional fact witnesses.

Plaintiffs have a basic obligation under the Federal Rules of Civil Procedure to supplement their responses to the Interrogatories based on information they have learned through discovery. On October 23, 2013, as pre-certification fact discovery[3] drew to a close, Bayer requested that Plaintiffs supplement their Interrogatory responses in light of the breadth of discovery exchanged since Plaintiffs last supplemented their interrogatory responses. Ex. E. After Bayer reiterated this request numerous times (*see* Exs. F, G), Plaintiffs indicated on January 15, 2014 that their responses to Interrogatory Nos. 14 and 15 "do not require supplementation at this time," but, notably, declined to confirm that their current responses were full and complete based on information provided during pre-certification fact discovery. Ex. H.

Plaintiffs' refusal to supplement their responses to these interrogatories deprives Bayer of information critical to its case strategy at this stage of the proceedings. This information will inform expert discovery, dispositive motion practice, and opposition to any motions for class/collective action certification. For these reasons and those set forth below, Bayer respectfully requests that this Court compel Plaintiffs to supplement their responses to Interrogatory Nos. 14 and 15 *or* confirm that their current responses are full and complete based on information provided during pre-certification fact discovery.

---

[2]  On June 4, 2012, Plaintiffs served initial responses to the Interrogatories consisting entirely of objections. Ex. B. After meeting and conferring, Plaintiffs supplemented their responses to Interrogatory No. 15 in July 2012, but these responses largely cut and pasted allegations from their Third Amended Complaint ("TAC"). Ex. C. Plaintiffs have not supplemented their responses to Interrogatory No. 15 since then. Similarly, between October 2012 and December 4, 2012, Plaintiffs served supplemental responses to Interrogatory No. 14 to identify their alleged comparators, but have not updated their responses since then. Ex. D.

[3]  Per this Court's June 7, 2012 Pretrial Scheduling Order, pre-certification discovery in this matter includes "full discovery as to the merits and damages of named Plaintiffs' individual claims." *See* Dkt. No. 52 at ¶ 3.

The Honorable James B. Clark, III
February 7, 2014
Page 3

## ARGUMENT

### I. Plaintiffs Must Update Their Comparators List Based On Discovery.

Plaintiffs' refusal to update the list of comparators that they provided at the outset of discovery is inconsistent with Rule 26. Plaintiffs are obligated to supplement their responses to the Interrogatories in a timely manner. *See* Fed. R. Civ., P. 26(e)(1)(A). As noted above, since Plaintiffs served their current responses to Interrogatory No. 14, Bayer has produced extensive electronic discovery and personnel data regarding the alleged comparators. In addition, Bayer has produced personnel data showing the employment histories (including compensation, promotion, and performance ratings) for all individuals who worked for Bayer during the liability period. Not surprisingly, this discovery has revealed that many of Plaintiffs' alleged comparators listed in the current Interrogatory responses are inappropriate for a variety of reasons.[4] Yet, Plaintiffs refuse to update their list of comparators, despite the fact that they now possess all of the information they need to identify their appropriate comparators.

Plaintiffs' refusal to supplement their responses to Interrogatory No. 14 is prejudicial to Bayer. The crux of Plaintiffs' claims is that Bayer treated similarly situated male employees more favorably in terms of pay, promotions, and performance evaluations. To prove these claims, Plaintiffs bear the burden of identifying these male employees, establishing that they are similarly situated, and showing that they received higher merit increases, better performance evaluations, or promotions. Now that fact discovery is closed, Defendants are entitled to know the final list of comparators, as this information will inform Bayer's assessment of its defenses to the merits of the Plaintiffs' individual claims (and thus its ability to prepare dispositive motions), as well as how Bayer conducts expert discovery and prepares its defenses to class certification (*e.g.*, the identity of comparators will inform the commonality, typicality, and adequacy requirements, among others, of Rule 23(a)). Thus, Bayer respectfully requests that the Court compel Plaintiffs to supplement their responses to Interrogatory No. 14 or confirm that their current responses are complete based on the information provided during pre-certification fact discovery. Moreover, if Plaintiffs confirm that their current responses are final, they should not be permitted to modify these lists. "Pursuant to Rule 37(c)(1), if a party fails to . . . supplement a discovery response . . . 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is

---

[4] Appropriate comparators in a Title VII case are those outside of the plaintiff's protected class who are "nearly identical" to the plaintiff in "all of the relevant aspects" of employment and were treated more favorably than the plaintiff. *See, e.g.*, *Neely v. U.S. Postal Serv.*, 307 F. App'x 681, 684 (3d Cir. 2009); *Wilcher v. Potter*, No. 08-2723, 2010 WL 2545963, at *4-5 (D.N.J. June 18, 2010). By contrast, Plaintiffs' alleged comparators include women (i.e., those in the same protected class as Plaintiffs), Plaintiffs' managers, employees with entirely different positions than Plaintiffs, and men who were paid less (not more) than the Plaintiffs.

The Honorable James B. Clark, III
February 7, 2014
Page 4

Morgan Lewis
COUNSELORS AT LAW

harmless.'" *Steele v. Aramark Corp.*, No. 09-4340, 2013 WL 6536184, at *1 (D.N.J. Dec. 13, 2013) (citing Fed. R. Civ. P. 26(e) and 37(c)(1)).

II.     **Plaintiffs Must Identify the Policies That They Challenge.**

Plaintiffs purport to assert both disparate treatment and disparate impact claims. To state a cognizable disparate impact claim, Plaintiffs must first identify a specific policy or practice that allegedly has a significant, discriminatory effect on women. *See Lanning v. SEPTA*, 181 F.3d 478, 485 (3d Cir. 1999); *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005) (holding that parties must do more than allege a disparate impact or point to generalized policies in support thereof). Here, Plaintiffs insist that their responses to Interrogatory No. 15, which largely parrot allegations from the TAC,[5] do not require supplementation "at this time," even though the parties have engaged in extensive discovery regarding Bayer's actual policies and practices since Plaintiffs served their current responses to this interrogatory. Specifically, Bayer has produced thousands of documents, including emails from over 80 custodians, regarding its policies and practices and presented 10 corporate designees to testify regarding its policies and practices. Still, Plaintiffs offer no explanation as to why their responses to Interrogatory No. 15 "do not require supplementation at this time," when such supplementation is mandated by Rule 26(e).

Bayer is entitled to know which of its actual policies and practices Plaintiffs are challenging. As they now stand, Plaintiffs' responses to Interrogatory No. 15 mimic allegations from the TAC rather than identify any of Bayer's produced policies and practices. To the extent that Plaintiffs continue to insist that they need not supplement their responses, they should not be permitted to rely on any of Bayer's policies and practices provided in discovery at a later date. Indeed, the Seventh Circuit in *Bennett v. Roberts*, 295 F.3d 687, 698-99 (7th Cir. 2002), held that the district court properly refused to consider specific employment policies raised for the first time at summary judgment because plaintiff did not disclose them in discovery despite defendant's interrogatories specifically requesting the same. Numerous other courts routinely dismiss disparate impact claims where plaintiffs fail to identify the specific employment policy or practice they challenge. *See, e.g., Voltz v. Coca-Cola Enters. Inc.*, 91 F. App'x 63, 73-74 (10th Cir. 2004) (affirming summary judgment on disparate impact claim where plaintiff "failed to identify any specific employment practice or policy" and instead made only "general allegations" regarding employment practices); *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1127 (9th Cir. 2001) (same); *Batey v. M.P.W. Stone*, 24 F.3d 1330, 1336 n.17 (11th Cir. 1994) (same).

For the foregoing reasons, Bayer respectfully requests that this Court order Plaintiffs to provide full and complete responses to Interrogatory Nos. 14 and 15.

---

[5]     For instance, Plaintiffs' responses to Interrogatory No. 15 allege that Bayer "employs performance objectives [] that lack sufficient standards and oversight, such that they can be manipulated to artificially depress the performance-based compensation and bonuses of women and mothers." *Compare* Ex. C *with* TAC ¶ 673.

4

The Honorable James B. Clark, III
February 7, 2014
Page 5

**Morgan Lewis**
COUNSELORS AT LAW

Respectfully submitted,

*/s/ Sarah E. Bouchard*

Sarah E. Bouchard